UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00369-FDW-DCK

| | |
|---|---|
| AUDREY KIMNER, ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| DUKE ENERGY CORPORATION, ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Plaintiff's *pro se* Motion to Vacate the Clerk's Judgment, Vacate the Order granting Plaintiff's Application to proceed in forma pauperis and dismissing Plaintiff's Complaint with prejudice, and Motion for Recusal.[1] (Doc. No. 22.) As explained in the Court's Order, Plaintiff failed to exhaust the administrative remedies available to her through both the Duke Energy Retirement Cash Balance Plan and the Duke Energy Retirement Savings Plan, and failed to present a valid Qualified Domestic Relations Order entitling her to any portion of the Plans in the first instance. (Doc. No. 20, pp. 6–11.)

The Court believes Plaintiff intended to file her Motion pursuant to Federal Rule of Civil Procedure 60(b), which provides relief from a final judgment, order, or proceeding. Relief under this rule constitutes "an extraordinary remedy that should not be awarded except under exceptional circumstances." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th

---

[1] The Court notes Plaintiff's Motion's caption states it is a "Request to . . . Recuse . . . ." (Doc. No. 22, p. 1.) Plaintiff writes "these two judges who should recuse . . . ." (Id., p. 2.) As Plaintiff does not identify the judges she is referring to and does not make any specific arguments, the Court finds this argument for recusal to be without merit, particularly in light of the undersigned's "duty to sit." Tallant v. Tallant, No. 520CV00129KDBDCK, 2020 WL 6813227, at *3 (W.D.N.C. Oct. 14, 2020).

1

Cir. 2012). The moving party must initially show timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances. Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). Then, the moving party must satisfy the requirements of Rule 60(b). Id. The Court finds there is no basis to vacate the Clerk's Judgment and no basis to vacate its Order granting Plaintiff's Application to proceed in forma pauperis and dismissing Plaintiff's Complaint with prejudice.

Plaintiff is once again strongly cautioned against repeatedly filing frivolous or improper actions. Doing so may result in the imposition of sanctions and/or prefiling injunctions that would limit Plaintiff's ability to file further lawsuits in this Court.

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Motion to Vacate the Clerk's Judgment, Vacate the Order granting Plaintiff's Application to proceed in forma pauperis and dismissing Plaintiff's Complaint with prejudice, and Motion for Recusal, (Doc. No. 22), is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 17, 2024

Frank D. Whitney
United States District Judge